UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CECILIA JONES,

      Petitioner,    MEMORANDUM & ORDER
                 16-CV-1873(JS)
  -against-

COUNTY CLERK OF SUFFOLK COUNTY,

      Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:  Cecilia Jones, pro se
       3 Teller Avenue
       Coram, NY 11727

For Respondent:  No appearance

SEYBERT, District Judge:

    By Petition filed on April 7, 2016, Cecilia Jones, ("Petitioner") appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her October 5, 2011 judgment of conviction in County Court, Suffolk County. Petitioner has also moved to proceed in forma pauperis and for the appointment of pro bono counsel to represent her in this case. Upon review of the Petitioner's declaration in support of her application to proceed in forma pauperis, the Court finds that Petitioner's financial status qualifies her to file the Petition without prepayment of the $5.00 filing fee. Accordingly, the application to proceed in forma pauperis is GRANTED.

    Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this Petition and, for the reasons set forth below, has determined that the Petition is premature. Accordingly, the Petition is dismissed

without prejudice.

BACKGROUND

Petitioner was convicted on October 5, 2011 following a jury trial of Welfare Fraud in the Third Degree (N.Y. Penal Law § 158.15), and three counts of Offering a False Instrument in the First Degree (N.Y. Penal Law § 175.35). (Pet. ¶¶ 2, 5, 6). Petitioner alleges that she filed an appeal of the judgment of conviction to the Appellate Division, Second Department, and that her appeal was denied on October 16, 2015. (Pet. ¶ 9.) Petitioner did not seek further review by a higher state court, nor did she file a petiton for certiorari in the United States Supreme Court. (Pet. ¶ 9(g)-(h)). The instant Petition followed.

DISCUSSION

In order to bring a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, a petitioner must first exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1)(A). To properly exhaust state court remedies, a petitioner "must apprise the highest state court of both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition." See Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005) (citation omitted).

Here, Petitioner has not appealed from the October 16, 2015 denial of her appeal by the Appellate Division, Second Department. Consequently, Petitioner's § 2254 habeas claim is

unexhausted and the Court sua sponte dismisses it on that basis. Petitioner may re-file her claim once she fully exhausts it in state court, if warranted.  Accordingly, this case is DISMISSED WITHOUT PREJUDICE, and the Clerk of the Court is directed to mark this matter CLOSED.  Given the DISMISSAL, the application for the appointment of pro bono counsel is DENIED AS MOOT.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September   23  , 2016
       Central Islip, New York